O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

CARL R. BOYD,

Plaintiff,

v.

CAROLYN COLVIN, Acting Commissioner of Social Security,

Defendant.

Case No. CV 13-4139-DFM

MEMORANDUM OPINION AND ORDER

Plaintiff Carl Boyd ("Plaintiff") appeals from the Commissioner's denial of his applications for child's insurance benefits and Supplemental Security Income ("SSI") benefits. The Court concludes that the Administrative Law Judge ("ALJ") erred when he concluded that Plaintiff could perform work in the national economy. Accordingly, this Court reverses the ALJ's decision and remands for further proceedings.

**I.**

**BACKGROUND**

Plaintiff filed his applications for child's insurance benefits and SSI benefits on November 5, 2009, each alleging disability beginning February 28, 2005. Administrative Record ("AR") 27. After a hearing on July 13, 2011, the

ALJ concluded that Plaintiff's asthma and affective disorder were severe impairments. AR 29. The ALJ concluded that Plaintiff has the residual functional capacity ("RFC") to perform light work with several limitations, including a limitation to "tasks with one or two step instructions." AR 29-30. A vocational expert ("VE") testified at the hearing that an individual with Plaintiff's RFC could perform the duties of a shoe packer, referencing the Labor Department's Dictionary of Occupational Titles ("DOT") as she described this work. AR 60. The ALJ relied on the VE's testimony to conclude that Plaintiff was capable of making a successful adjustment to other work that exists in the national economy and accordingly found that Plaintiff was not disabled. AR 33-34.

## II.

## ISSUES PRESENTED

The parties dispute whether the ALJ erred when he found (1) that Plaintiff was capable of performing work that exists in significant numbers in the regional and national economy; and (2) that the job of shoe packer existed in sufficient numbers in the regional and national economy. See Joint Stipulation ("JS") at 3.[1]

## III.

## DISCUSSION

### A. Standard of Review and Pertinent Law

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The ALJ's findings and decision should be upheld if they are free from legal error and are supported by

---

[1] Because the Court concludes that the ALJ erred in concluding that Plaintiff was capable of performing work in the national economy at step five, the Court does not reach the remaining issue and will not decide whether this issue would independently warrant relief.

substantial evidence based on the record as a whole. 42 U.S.C. § 405(g); Richardson v. Perales, 402 U.S. 389, 401 (1971); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007).

At the fifth step of the five-step claims evaluation process, the agency bears the burden of showing that a claimant can perform work that exists in "significant numbers" in the national economy, taking into account the claimant's RFC, age, education, and work experience. Tackett v. Apfel, 180 F.3d 1094, 1098, 1100 (9th Cir. 1999). A vocational expert's testimony may be sufficient to carry that burden; however, the expert's opinion must reflect all limitations the ALJ includes in the RFC. Osenbrock v. Apfel, 240 F.3d 1157, 1162-63 (9th Cir. 2001).

When an expert's testimony conflicts with a DOT job listing, the ALJ "must elicit a reasonable explanation for the conflict before relying on the [expert's] evidence to support a determination or decision about whether the claimant is disabled." SSR 00-4p, 2000 WL 1898704, at *2 (Dec. 4, 2000). Thus, if there is a conflict between the expert's opinion and the DOT parameters, the ALJ must determine that the expert has a "reasonable explanation" for this conflict. Massachi v. Astrue, 486 F.3d 1149, 1153-54 (9th Cir. 2007). Where an ALJ fails to do this, this Court cannot determine whether there is substantial evidence to support the ALJ's step-five finding and must remand for further proceedings. Id. at 1154.

**B. Analysis**

Plaintiff contends that the ALJ erred in determining, based upon the VE's testimony, that he was capable of performing the job of shoe packer because that job, as described in the DOT, is incompatible with the ALJ's RFC assessment. JS at 4-8. As relevant here, the ALJ's RFC assessment determined that Plaintiff was able to perform light work with a further limitation to "the performance of tasks with one or two step instructions." AR 30. Plaintiff

contends that this limitation precludes him from work as a shoe packer because that job requires Reasoning Level 2 on the 6-level General Education Development ("GED") scale used in the DOT. JS at 5.

A job involving Level 2 reasoning means that an individual must be able to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions [and] deal with problems involving a few concrete variables in or from standardized situations." DOT, App'x C, 1991 WL 688702. The DOT classifies shoe packer as a Reasoning Level 2 job; the Court observes that this classification is generally consistent with the DOT's description of the job.[2]

This case thus presents a dispute that has recurred with some frequency in this district: whether an RFC that limits a claimant to tasks with one- or two-step instructions is inconsistent with a job that requires Level 2 reasoning under the DOT. Although the Ninth Circuit has not addressed this issue, many judges in this district have, and it appears that all have decided it against the Commissioner. See, e.g., Ruiz v. Colvin, No. 12-1628, 2013 WL 3878957, at *3 (C.D. Cal. July 26, 2013) ("A limitation to simple one and two step tasks is inconsistent with Reasoning Level Two."); Cardoza v. Astrue, No. 10-936, 2011 WL 1211469, at *2 (C.D. Cal. 2011) (finding limitation to one and two-step repetitive work tasks would preclude jobs, including shoe packer, requiring Level 2 reasoning skills); Grigsby v. Astrue, No. 08-1413, 2010 WL 309013, at *2 (C.D. Cal. 2010) ("The restriction to jobs involving no more than two-step instructions is what distinguishes Level 1 reasoning from Level 2 reasoning.").

[2] The DOT describes the duties of a shoe packer as: "Packs paired shoes, according to case number, in cartons for shipment. May inspect shoes for defects prior to packing." DOT 920.687-166, 1991 WL 688001.

The Court has reviewed the DOT description of a shoe packer's responsibilities. It is not clear to the Court whether someone limited to one- and two-step instructions would be able to perform these responsibilities. This lack of clarity is exacerbated by the DOT's categorization of the job as Reasoning Level 2, a level higher that Reasoning Level 1, which expressly mentions the ability to "carry out simple one- or two- step instructions." 1991 WL 688702. Put another way, the Court's concern about whether Plaintiff could work as a shoe packer would be diminished if the DOT categorized the job as Reasoning Level 1.[3]

The Court's concern could be easily put to rest if the VE offered a "reasonable explanation" for how a person with Plaintiff's limitation could perform the job of shoe packer, a Level 2 reasoning job under its DOT listing. But the VE offered no explanation at all. AR 60. Nor did the VE provide an evidentiary basis for the ALJ to justify a divergence from the DOT listing in this particular case. AR 60.

The disparity between the DOT listing and VE's testimony required a "reasonable explanation" from the VE in order for the ALJ to properly rely on the testimony. Where, as here, no such explanation has been given, the Court must remand to the agency for further proceedings. See Massachi, 486 F.3d at 1154.

///

///

///

///

[3] This is why the Court finds ultimately unpersuasive the Commissioner's point about the different purposes being served by reasoning levels under the GED and the assessment of claimant's RFC. The DOT expressly includes a reasoning level for each job it describes.

## IV.

## CONCLUSION

For the reasons stated above, the decision of the Social Security Commissioner is REVERSED and the matter is REMANDED for further proceedings consistent with this opinion.

Dated: March 6, 2014

DOUGLAS F. McCORMICK
United States Magistrate Judge